**Marilyn ROUSE, Petitioner and Appellant,**

v.

**STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, Respondent.**

**No. 12160.**

Supreme Court of South Dakota.

Argued Sept. 13, 1977.

Decided Jan. 5, 1978.

Joseph Troisi argued, and Michael D. Golden, on the brief, South Dakota Legal Services, Inc., Eagle Butte, for petitioner and appellant.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

MORGAN, Justice.

This is an appeal from the judgment of the trial court on a trial de novo which judgment affirmed the action of the Department of Public Safety in revoking the driver's license of the petitioner for failure to submit to chemical analysis in compliance with the Implied Consent Law. We affirm that decision.

On the evening of February 23, 1976, Marilyn Rouse was arrested on a charge of driving while intoxicated, in violation of SDCL 32–23–1, at about 9:35 p. m. Ms. Rouse was read her rights under the Implied Consent Law and was requested to take a breath test, which she refused. She was requested to take the test two or three more times at the scene of the accident, but refused. The officer who read Ms. Rouse her implied consent rights testified that he believed she understood those rights. Later at the sheriff's office, after the officer had filled out a refusal form, Ms. Rouse changed her mind and consented to take the test, after talking to her brother. This took place at approximately 11:00 p. m.

With respect to the contentions of the appellant that the trial court erred in holding that she had refused to submit to a chemical analysis, we have another case where the driver, after refusing on several occasions to consent to the test, later recanted. There is substantial evidence in the record to uphold the trial court's finding in this regard.

For the reasons set out in *Peterson v. State*, S.D., 261 N.W.2d 405, filed December 30, 1977, we hold Ms. Rouse's conduct constituted, in law, a refusal of the test requested and that her driver's license was properly revoked. The judgment of the trial court is affirmed and in view of our decision, we need not consider the procedural issue raised by the state.

All the Justices concur.